IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO TAPIA SILVA | § | |
| | § | |
| Petitioner, | § | |
| | § | NO. 3-06-CV-0825-H |
| VS. | § | |
| | § | Consolidated With: |
| NATHANIEL QUARTERMAN, Director | § | No. 3-06-CV-0826-H |
| Texas Department of Criminal Justice, | § | No. 3-06-CV-0827-H |
| Correctional Institutions Division | § | No. 3-06-CV-0828-H |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Antonio Tapia Silva, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner entered an open plea of guilty to four counts of aggravated sexual assault of a child. After hearing evidence on punishment, the trial court sentenced petitioner to 35 years confinement. His convictions and sentences were affirmed on direct appeal. *Silva v. State*, Nos. 05-04-01236-CR, 05-04-01237-CR, 05-04-01238-CR & 05-04-01239-CR, 2005 WL 1324287 (Tex. App.--Dallas, Jun. 6, 2005, no pet.). Petitioner also filed four applications for state post-conviction relief. The applications were denied without written order. *Ex parte Silva*, Nos. 64,008-01, 64,008-02, 64,008-03 & 64,008-04 (Tex. Crim. App. Mar. 29, 2006). Petitioner then filed this action in federal district court.[1]

---

[1] Petitioner filed separate federal writs with respect to each of his four convictions. All four cases were subsequently consolidated into this action.

II.

Petitioner raises three broad issues in four grounds for relief. Succinctly stated, petitioner contends that: (1) his guilty plea was involuntary; (2) the evidence was insufficient to support his conviction; and (3) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'"

*Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner alleges that his guilty plea was involuntary because the trial judge failed to properly admonish him of the deportation consequences of his plea.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006 WL 740743 at *2 (N.D. Tex. Mar. 14, 2003) (Kaplan, J.), *rec. adopted*, 2006 WL 1348734 (N.D.

Tex. May 17, 2006), *citing* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[2]

2.

Petitioner was charged with four counts of aggravated sexual assault of a child, a first-degree felony. The victim in all four cases was his 13 year-old daughter. Instead of accepting the state's offer of concurrent nine-year sentences in each case, petitioner elected to plead guilty without the benefit of a plea bargain and to have the court assess punishment. (*See* St. Hab. Tr. at 44). In a written plea agreement signed by petitioner, he acknowledged the full panoply of his constitutional rights and the consequences of his plea, including his understanding that "a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law." (St. App. Tr. at 08). Petitioner also signed a judicial confession admitting the essential elements of the offense. (*See id.* at 10).

At a plea hearing held on July 12, 2004, the trial judge, through a qualified Spanish language interpreter,[3] summarized the facts alleged in the indictments and told petitioner that the range of punishment for aggravated sexual assault of a child was not less than five years nor more than 99 years or life imprisonment and a $10,000 fine. (SF-I at 3-4). Petitioner testified that he reviewed the indictments with his attorney and understood the charges against him. (*Id.* at 4). The judge then questioned petitioner about the plea documents:

> THE COURT: Okay. You appear to have signed each of the plea agreement forms about halfway down on the second or back page. Did you sign those?

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002) (Kaplan, J.).

[3] The court also notes that petitioner's attorney, Durrand A. Hill, is fluent in Spanish and had "no problems" communicating with petitioner. (*See* St. Hab. Tr. at 44).

>THE DEFENDANT:  Yes.
>
>THE COURT:  By signing them, did you mean to acknowledge to the Court that you had read, discussed with your attorney, and can you assure the Court that you understood all your rights as the accused as they are listed under the Court's admonitions to Defendant?
>
>THE DEFENDANT:  Yes.
>
>THE COURT:  And by signing each one of these papers did you mean to give up those same rights?
>
>THE DEFENDANT:  Yes.
>
>THE COURT:  And did you do that freely and voluntarily?
>
>THE DEFENDANT:  Yes.

(*Id.* at 6). When asked if he was pleading guilty because he committed the offenses alleged in the indictments and whether his plea was freely and voluntarily made, petitioner responded, "Yes." (*Id.* at 7). These sworn declarations carry a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

Petitioner now contends that his guilty plea was involuntary because the trial judge failed to properly admonish him of the deportation consequences of his plea. This claim fails for two reasons. First, a trial court is not required to admonish a defendant regarding the collateral consequences of his plea. *See United States v. Gavilan*, 761 F.2d 226, 228 (5th Cir. 1985) (no due process right to be informed of collateral consequences of criminal conviction). The possibility of deportation upon conviction is such a collateral consequence. *See Brown v. Cockrell*, No. 3-00-CV-2269-X, 2002 WL 83760 at *6 (N.D. Tex. Jan. 14, 2002), *citing United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Second, as noted by the state appellate court, the record shows that petitioner *was* admonished in writing about the deportation consequences of his plea. At the plea hearing,

petitioner testified through an interpreter that he understood the papers he had signed and reviewed the plea documents with his attorney. *Silva*, 2005 WL 1324287 at *1. Included in those papers was a written admonition that a plea of guilty "will probably result in my deportation from the United States[.]" (St. App. Tr. at 08). Because the trial judge properly admonished petitioner in accordance with Texas law, he is not entitled to federal habeas relief on this ground. *See Britton v. Dretke*, No. 3-04-CV-1049-N, 2004 WL 1960145 at *2 (N.D. Tex. Sept. 2, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2124115 (N.D. Tex. Sept. 22, 2004) (rejecting argument that guilty plea was involuntary where petitioner was properly admonished by trial judge in accordance with Texas law).[4]

C.

In separate grounds for relief, petitioner contends that the evidence was insufficient to support his conviction and that his attorney was ineffective for failing to investigate the case, present medical testimony regarding the alleged sexual assaults, or advising him of irregularities with the indictment. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). This includes claims of ineffective assistance of counsel that do not implicate the validity of the plea itself. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000). Having determined that petitioner's guilty plea was knowing and voluntary, he cannot collaterally attack his conviction on the grounds that defense counsel failed to investigate the case, present

---

[4] It makes no difference that petitioner was admonished of the deportation consequences of his plea in writing rather than orally. Under Tex. Code Crim. Proc. Ann. art. 26.13:

> The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

The record affirmatively shows that all statutory requirements for a written admonition were met here. *See also Brown*, 2002 WL 83760 at *3 (upholding written admonition of deportation consequences of guilty plea).

medical testimony regarding the alleged sexual assaults, or advise him of irregularities with the indictment.

Nor can petitioner challenge the sufficiency of the evidence in light of his guilty plea. "No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986), *quoting Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 1609 (1984). Moreover, petitioner signed a judicial confession admitting to the essential elements of the offense. (*See* St. App. Tr. at 10). These grounds for relief should be overruled.

### D.

Petitioner also complains that his attorney failed to object to "improper arguments" during the punishment phase of the trial and "forfeited" his right to appeal. Although this aspect of petitioner's ineffective assistance of counsel claim is not foreclosed by his guilty plea, respondent argues that it is procedurally barred from federal habeas review.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982). Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition. *See* TEX. CODE CRIM. PROC. ANN.

art. 11.07, § 4 (Vernon Supp. 2005).[5]  This statute constitutes an adequate state procedural bar for purposes of federal habeas review.  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995).  The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

In his state writ, petitioner never complained that his attorney failed to object to "improper arguments" during the punishment phase of the trial and "forfeited" his right to appeal.  No explanation is offered to excuse this procedural default.  The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson,* 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

---

[5] The statute provides, in relevant part, that:

> (a)     If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1)     the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)     by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE